UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WORLD TRIATHLON CORPORATION, INC.,**

    **Plaintiff,**

v.                                      **Case No. 8:96-cv-1635-T-27TBM**

**TEXTRON, INC., d/b/a SPEIDEL, INC.,**

    **Defendant.**
_____/

## O R D E R

THIS MATTER comes before the court on the parties' **Stipulated Protective Order** (Doc. 151), which the court construes as a joint motion for entry of a protective order. The parties' Stipulated Protective Order sets forth the process by which the parties agree to handle all documents and material designated as "Confidential."

The Eleventh Circuit has held that the district courts may issue umbrella protective orders to expedite the flow of discovery material and to protect the confidentiality of documents. See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989); In re Alexander Grant & Co. Litig., 820 F.2d 352, 356 (11th Cir. 1987). For purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the parties' stipulation serves a useful purpose. Therefore, with the exceptions set forth below, the court approves the agreed protective order.

The right of access to judicial records pursuant to common law is well established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985). This right extends to the inspecting and the copying of judicial records. See Nixon, 435 U.S. at 597.

The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any competing interest. See Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). When parties request an order restricting access to pleadings and evidence filed with the court, such a request must be subject to heightened scrutiny.

As recognized by the parties, see (Doc. 151, ¶ 4(c)), this court does not allow the automatic filing of documents under seal. In accordance with the policy of the Middle District of Florida, when a party seeks to file a document under seal, the court shall determine the matter upon motion by the party. See, e.g., United States v. Baez-Alcaino, 718 F. Supp. 1503 (M.D. Fla. 1989). The motion shall be in conformance with Local Rule 1.09, which sets forth the procedures to be followed when a party seeks to file motion to seal. See M.D. Fla. R. 1.09. Furthermore, a courtesy copy of the motion shall be mailed to The Tampa Tribune and the St. Petersburg Times.

Accordingly, it is **ORDERED** that:

1) The parties' [construed] motion for entry of a protective order (Doc. 151) is **GRANTED**, and the Stipulated Protective Order (Doc. 151) is **APPROVED** as set forth herein.

2) For each document, object, or other material that the parties wish to file under seal, they shall file a Motion to Seal in accordance with Local Rule 1.09.

**Done and Ordered** at Tampa, Florida, this 25th day of January 2007.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Counsel of Record